UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ANN STIRE a/k/a MARY
LEWANDOWSKI STIRE,

        Plaintiff,         No. 10-CV-13416

vs.         Hon. Gerald E. Rosen

US BANCORP, a Delaware Corporation,

        Defendant.
_____/

OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     April 26, 2011

PRESENT:   Honorable Gerald E. Rosen
                  United States District Chief Judge

## I. INTRODUCTION

The above-captioned Fair Debt Collection Practices Act action is presently before the Court on the Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, or in the alternative, for Summary Judgment, filed by Defendant US Bancorp ("U.S. Bank"). Having reviewed and considered the parties' briefs and supporting exhibits, and the entire record of this matter, the Court finds that the pertinent facts and legal contentions are sufficiently presented in these materials, and that oral argument would not assist in the resolution of this matter. Accordingly, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2),

1

the Court will decide Defendant's motion "on the briefs." This Opinion and Order sets forth the Court's ruling.

## II. FACTUAL BACKGROUND

Plaintiff Mary Ann Stire obtained a mortgage loan from Encore Credit Corporation in January 2004. (First Amended Complaint, ¶ 6.) The loan was secured by a mortgage on real property located at 1377 Mill Creek Drive in Waterford, Michigan. *Id.* ¶ 7. On January 4, 2005, Encore assigned the Note and Mortgage to U.S. Bank, N.A. *Id.* at ¶ 8; *see also* Defendant's Ex. 1. Twenty-two months later, on November 22, 2006, Plaintiff and her husband, Larry Stire, filed a voluntary petition for Chapter 7 bankruptcy. (First Amended Complaint, ¶ 8; *In re Stire*, MIEB No. 06-57341) On December 7, 2006, Plaintiff filed a statement of intention to reaffirm the mortgage with U.S. Bank pursuant to 11 U.S.C. § 524(c). (First Amended Complaint, ¶ 11; *In re Stire*, Dkt. # 14; Defendant's Ex. 3). A reaffirmation agreement, however, was never filed with the Bankruptcy Court. (First Amended Complaint, ¶ 11.) On February 21, 2007, the Bankruptcy Court granted Plaintiff and her husband a discharge. *Id.* ¶ 10; *In re Stire*, Dkt. Nos. 18, 19; Defendant's Ex. 4.

Plaintiff alleges that from April 20, 2008 through June 16, 2008, she received 20 phone messages from persons named "Greg", "Ashley," and other unnamed individuals who indicated that they represented U.S. Bank telling Plaintiff that she needed to return their telephone calls to discuss payments she owed on the debt to U.S. Bank. (First Amended Complaint ¶ 20. Defendant also mailed Plaintiff mortgage statements dated

February 16 and March 16, 2010. *Id.* at 21 and Complaint Ex. B. Defendant also sent Plaintiff written requests for payment of the mortgage debt on January 16 and August 16, 2010. *Id.* at 22 and Complaint Ex. C.

Plaintiff claims that, through counsel, on March 30, 2010, she informed Defendant to cease and desist all communications with her regarding the mortgage debt but Defendant continued thereafter to telephone her to demand payment. *Id.* at 23. Therefore, on October 19, 2010, Plaintiff instituted this action.

In her First Amended Complaint, Plaintiff alleges two claims: a claim of violation of the Fair Debt Collection Practices Act ("FDCPA") (Count I) and a claim of violation of the "injunction" effectuated by the discharge of Plaintiff and her husband in their Chapter 7 Bankruptcy filing (Count II). Defendant U.S. Bank now moves to dismiss Plaintiff's Complaint.

### III.  ANALYSIS

A.  APPLICABLE STANDARDS

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted. . . ." In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). However, a plaintiff's factual allegations must rise above the speculative level and be more than legal conclusions or formulaic recitations of the elements of a cause of action. *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see also *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). This elevated standard of pleading does not require "pleading of specifics, but only enough to state a claim for relief that is plausible on its face." *Twombly* at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

*Iqbal* directs this Court to consider the plausibility of pleaded facts before making a determination as to whether those facts, if true, give rise to a cause of action. *Iqbal*, 129 S. Ct. at 1949. Thus, a complaint must traverse the barrier between the possibility and plausibility of relief. *Id*. The court may also consider surrounding context in distinguishing plausible claims from possible claims. *Id*. In the case at bar, the court must examine the plausibility of relief in the context of the statutory requirements of the FDCPA. "If the allegations. . . show that relief is barred by the applicable statute . . ., the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

Under Rule 12(d), if on a Rule 12(b)(6) motion matters outside the pleadings are presented to the court, the motion must be treated as a motion for summary judgment under Rule 56. However, documents attached to a motion to dismiss that are referred to in the Complaint and central to the claim are deemed to form part of the pleadings. *Armengau v. Cline*, 7 Fed. Appx. 336, 344 (6th Cir. 2001). "[A] court may also take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir.

2010) (citing *Winget v. JP Morgan Chase Bank, N.A.,* 537 F.3d 565, 576 (6th Cir. 2008)).

In this case, Defendant has attached to its motion to dismiss documentary evidence of the Assignment of the Mortgage to U.S. Bank, as well as documents filed by Plaintiff in her bankruptcy action, to-wit: the Bankruptcy Schedule of Liabilities listing as one of the debts, the real property mortgage on their residence; Plaintiff's Statement of Intention to reaffirm the mortgage debt; and the Order of Discharge. These exhibits and the information contained therein are referenced in the Amended Complaint and are central to Plaintiff's claims. As such, they may be deemed to form part of the original complaint and should be considered in deciding Defendant's motion. *Id*. Thus, conversion to a Rule 56 motion is not required.

B.  PLAINTIFF HAS FAILED TO STATE A LEGALLY COGNIZABLE FDCPA CLAIM

The purpose of the Fair Debt Collection Practices Act is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Only "debt collectors," as defined by the FDCPA, are subject to liability. *Montgomery v. Huntington Bank*, 346 F.3d 693 (6th Cir. 2003). The term "debt collector" is defined in the statute as "any person who. . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, an individual's "creditors" themselves are not subject to liability under the FDCPA unless the subject debt was already "in default" at the time of its acquisition. *See* 15 U.S.C. § 1692a(6)(F)(iii) ("The term ['debt collector'] does not include. . . any person collecting or

attempting to collect any debt owed due or asserted to be owed or due another to the extent such activity. . . concerns a debt which was not in default at the time it was obtained by such person"); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 107 (6th Cir. 1996) (holding that creditors are not "debt collectors" under the FDCPA if the debt was not "in default" at the time of the assumption of a loan obligation); *Downs v. Clayton Homes, Inc.,* 88 Fed. Appx. 851, 853 (6th Cir. 2004) (affirming the district court's conclusion that because the debt was not "in default" at the time of assignment, the creditor could not be held liable under the FDCPA). *See also Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384, 387 (7th Cir.1998) ("The plain language of § 1692a(6)(F) tells us that an individual is not a "debt collector" subject to the [FDCPA] if the debt he seeks to collect was not in default at the time he purchased (or otherwise obtained) it.") Thus, "creditors trying to collect on debts that went into default *after* they purchased the debts are not 'debt collectors' under the FDCPA." *Pines v. EMC Mtg Corp.,* 2008 WL 2901644 at *4 (D. Utah 2008) (citing *Bailey v. Security Nat'l Servicing Corp., supra*) (emphasis added).

Dismissal of an FDCPA claim is appropriate where the plaintiff fails to allege this necessary element. *See e.g., Poeng v. Chase*, 2010 WL 3057991at *3 (S.D. Cal. 2010) (dismissing plaintiff's FDCPA claim on the pleadings where there were no plausible allegations that the debt was in "default" when the creditor assumed the loan); *Taggart v. Norwest Mtg, Inc.*, 2010 WL 114946 at *10 (E.D. Pa. 2010) ("The plaintiff has not alleged that the loan was in default at the time it was obtained by [the creditor]"); *Pines v.*

*EMC Mtg Corp., supra* 2008 WL 2901644 at *4 (plaintiff's FDCPA claim dismissed where no allegations in the plaintiff's complaint could be read to infer that his loans were in default when the creditor purchased them).

In this case, Plaintiff does not allege that her mortgage loan was in default at the time that Encore Credit Corporation assigned the loan to Defendant U.S. Bank. In fact, Plaintiff fails to allege anywhere in her Complaint *when* the debt went into "default." She only alleges that "[*to the extent*] that US Bank, N.A. reassigned the mortgage loan to a third party on or after March 15, 2006, Defendant thereafter acted as a debt collector [in attempting to collect loan payments from her]," and [a]lternatively, *to the extent* that Defendant reacquired the mortgage loan from the third party at a time that Plaintiff was in default of her obligations under the mortgage loan, Defendant thereafter acted as a debt collector." (First Amended Complaint ¶¶ 15-16.) She has not, however, affirmatively alleged that U.S. Bank reassigned the mortgage to a third party or reacquired the mortgage from a third party, nor has she alleged any facts from which such an affirmative allegation may be inferred. Plaintiff's allegations constitute no more than mere "guesses" or "speculation" as to whether the U.S. Bank reassigned or reacquired the debt or whether the debt was "in default" at the time of any such reacquisition. Such speculative allegations do not pass muster under *Twombly* and *Iqbal*. Count I of Plaintiff's First Amended Complaint, therefore, will be dismissed for failure to state a claim upon which relief can be granted.

C.     THE BANKRUPTCY COURT IS BETTER SUITED TO ADDRESS

PLAINTIFF'S CLAIM OF VIOLATION OF § 524(a) BANKRUPTCY DISCHARGE INJUNCTION

In Count II of her First Amended Complaint, Plaintiff alleges a claim of "Violation of Injunction," claiming that Defendant's collection activities violated the injunction effectuated by the discharge she obtained in the Bankruptcy Court. *See* 11 U.S.C. § 524(a)(2) ("A discharge in a case under this title. . . operates as an injunction against. . . an[y] act[] to collect, recover or offset any [discharged] debt as a personal liability of the debtor, whether or not discharge of such debt is waived. . . .")

The exclusive remedy for violating a discharge injunction entered pursuant to 11 U.S.C. § 524(a) is through the civil contempt provisions of Section 105(a) of the Bankruptcy Code. Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11U.S.C. § 105(a).

There is, however, no private right of action for violation of the discharge injunction provisions of 11 U.S.C. § 524(a). *See Petrusso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir. 2000). In that case, the plaintiffs argued that a private right of action for violation of § 524(a) was at least implicit in the Bankruptcy Code. The Sixth Circuit rejected that argument explaining:

> Congress amended the Bankruptcy Code in 1984 to provide an

8

express right of action under the automatic stay provision of 11 U.S.C. § 362(h). Pub.L. 98-353, § 304. It did so because reliance on the contempt power to remedy violations of § 362 had been widely criticized. *See Peterson v. Wells Fargo Bank*, 2000 WL 1225788, at *5 n. 1 (E.D. Cal. Aug.17, 2000). Congress amended § 524 at the same time it amended § 362, but no private right of action was added in § 524. The contrast, we think, is instructive.

Lower courts addressing the question of whether there is an implied right of action under § 524 have reached conflicting results. The more persuasively reasoned opinions, in our judgment, are those holding that no such right of action exists. *See, e.g., Peterson*, 2000 WL 1225788; *Transamerica Fin. Servs. v. Danney*, 1999 WL 33117201 (D.Me. Dec.23, 1999); *Cox v. Zale Delaware, Inc*., 242 B.R. 444 (N.D. Ill.1999); *Pereira v. First North American Nat'l Bank*, 223 B.R. 28 (N.D. Ga.1998); *Costa v. Welch*, 172 B.R. 954 (Bankr. E.D. Cal.1994); *Reyes v. FCC Nat'l Bank*, 238 B.R. 507 (Bankr. D.R.I. 1999); *In re Holcomb*, 234 B.R. 79 (Bankr. N.D. Ill. 1999).

Opinions recognizing a private right of action -- *see, e.g., Molloy v. Primus Automotive Fin. Servs*., 247 B.R. 804 (C.D. Cal.2000); *Malone v. Norwest Fin. Cal., Inc.*, 245 B.R. 389 (E.D.Cal.2000); *Rogers v. NationsCredit Fin. Servs. Corp.*, 233 B.R. 98 (N.D. Cal.1999) -- have gone astray, it seems to us, by focusing on the *Cort*[1] factors to the neglect of *Touche Ross*[2] (*see Malone*, 245 B.R. at 396), and by ignoring or understating the importance of the 1984 amendments. (*See Rogers*, 233 B.R. at 109.)

In *Kelvin v. Avon Printing Co., Inc.*, 1995 WL 734481 (6th Cir.1995) (unpublished), we held that 11 U.S.C. § 363, which governs a debtor's use of cash collateral, does not provide a private right of action. In reaching this decision we were influenced by the fact that the 1984 amendments created a private right of action with respect to § 362(h) but failed to do so with respect to § 363, which was amended at the same time. As we have already suggested, the events of 1984 are relevant to our present inquiry as well. Congress knew that courts were enforcing § 524 through contempt

---

[1] *Cort v. Ash*, 422 U.S. 66 (1975).

[2] *Touche Ross v. Redington*, 442 U.S. 560 (1979).

9

> proceedings, and Congress knew how to create a private right of action when it wished to do so, but in this instance it elected to do nothing. As with § 363, we do not believe that the failure to provide for a private right of action in connection with § 524 was accidental.

233 F.3d at 422-23 (footnotes added).

Other circuits have found likewise. *See e.g., Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 510-11 (9th Cir. 2002) (to permit a private right of action based on an alleged violation of § 524 "would circumvent the remedial scheme of the [Bankruptcy] Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt. . . . [The plaintiff's] remedy for violation of § 524 no matter how cast lies in the Bankruptcy Code"); *Cox v. Zale Delaware Inc.*, 239 F.3d 910, 917 (7th Cir.2001) (suit for contempt in bankruptcy court only remedy for § 524 violation); *Bassette v. AVCO Fin. Servs., Inc.*, 230 F.3d 439, 444-45 (1st Cir.2000) (finding that there is no need to address whether a private right of action exists under § 524, since plaintiff had "a remedy. . . readily and expressly available through another section of the Bankruptcy Code, namely § 105(a)"). *Cf., In re Joubert*, 411 F.3d 452, 456 (3rd Cir. 2005) (agreeing with the reasoning of opinions of other courts finding no private cause of action of violation of § 524 and determining that § 506(b), like § 524, should be found to provide no private right of action. *Id.*)

Adopting the reasoning of the courts in the above decisions, in *Yaghobi v. Robinson*, 145 Fed. Appx 697 (2nd Cir. 2005), the Second Circuit determined that the

plaintiff's claim of violation of the discharge injunction should be brought in the first instance in the bankruptcy court. *Id.* at 699. The court explained:

> Bankruptcy courts were established to provide a forum where creditors and debtors could settle their disputes and thereby effectuate the objectives of the [Code]. Where, as in this case, a debtor thinks a creditor is acting in violation of a Bankruptcy court's § 524 discharge order, relief is properly sought in the first instance from the bankruptcy court rather than in the district court, which only has appellate jurisdiction over bankruptcy cases. This Court has interpreted the Bankrutcy Code's contempt provision, to confer limited equitable powers on the bankruptcy court to issue orders necessary or appropriate to carry out the provisions of that title. Thus, because we conclude that plaintiff's § 105(a) claim should have been presented to the bankruptcy court, we affirm the district court's dismissal of that claim without prejudice to its pursuit in the bankruptcy court.

*Id.* (citations and some internal punctuation omitted).

This Court agrees with the Second Circuit and also finds that the Bankruptcy Court is the more appropriate forum for Plaintiff's claim of violation of the discharge injunction under 11 U.S.C. § 524 in this case. Although district courts have original jurisdiction to hear bankruptcy issues, the Bankruptcy Court is better suited to consider allegations of violation of its own discharge order in the first instance. If, after exhausting the remedies provided through the Bankruptcy Code Plaintiff still finds the outcome unsatisfactory, she may appeal the Bankruptcy Court's decision to this Court. Accordingly, Plaintiff's claim of violation of the bankruptcy discharge injunction in Count II of her First Amended Complaint will be dismissed, without prejudice to Plaintiff's right to pursue that claim in the Bankruptcy Court.

## CONCLUSION

For all of the reasons set forth above,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss **[Dkt. # 11]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's First Amended Complaint is DISMISSED, in its entirety, as follows: Count I of Plaintiff's First Amended Complaint is dismissed, **with prejudice**, and Count II is dismissed, **without prejudice** to Plaintiff's right to pursue this claim in the Bankruptcy Court.

Let Judgment be entered accordingly.

                                          s/Gerald E. Rosen
                                          Chief Judge, United States District Court

Dated: April 26, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 26, 2011, by electronic and/or ordinary mail.

                                          s/Ruth A. Gunther
                                          Case Manager